[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-14681
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 4, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-01124-CV-ORL-31-DAB

RANDAL P. FORNES,

Plaintiff-Appellant,

versus

OSCEOLA COUNTY SHERIFF'S OFFICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 4, 2006)

Before ANDERSON, MARCUS  and WILSON, Circuit Judges.

PER CURIAM:

Randal P. Fornes appeals the district court's grant of summary judgment to the Osceola County Sheriff's Office ("OCSO") in his Americans with Disabilities Act ("ADA") action, which was brought pursuant to 42 U.S.C. §§ 12101 et seq. The district court granted summary judgment in favor of OCSO based on its finding that Fornes could not meet the first prong of his prima facie case by showing that he had a disability. On appeal, Fornes first asserts that he met the first prong of his prima facie case for the following reasons. Fornes argues that he was substantially limited in the major life activity of "caring for himself" and "running." Fornes contends that his impairment, chronic inflammatory demyelinating polyneuropathy ("CIDP"), substantially limited these major life activities because his impairment is permanent or long term. Also, Fornes argues that OCSO "regarded" him as having a disability and that it had a "record of his disability." Second, Fornes contends that he met the second prong of his prima facie case–that he was a "qualified individual"–because he could perform the essential functions of a "technical service sergeant," and was not required to perform the essential functions of a "law enforcement agent" generally.

## I. STANDARD OF REVIEW

"We review the district court's grant of summary judgment de novo, viewing the materials presented and drawing all factual inferences in a light most

2

favorable to the non-moving party." D'Angelo v. ConAgra Foods, Inc., 422 F.3d 1220, 1225 (11th Cir. 2005). Summary judgment is properly granted when "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "The movant bears the burden of demonstrating the satisfaction of this standard, by presenting pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any that establish the absence of any genuine, material factual dispute." D'Angelo, 422 F.3d at 1225 (quotation omitted).

## II. ANALYSIS

### A. Legal Background

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). For claims under the ADA, a burden-shifting analysis is used. Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1226 (11th Cir. 1999).

Since the district court granted summary judgment at the first stage of the burden-shifting procedure–the prima facie case–we will focus only on that stage of

3

the analysis. To establish a prima facie case under the ADA, the employee must show "that (1) he has a disability, (2) he is a 'qualified individual,' which is to say, able to perform the essential functions of the employment position that he holds or seeks with or without reasonable accommodation, and (3) the defendant unlawfully discriminated against him because of the disability." Reed v. Heil Co., 206 F.3d 1055, 1061 (11th Cir. 2000).

B. First Prong of the Prima Facie Case – Disability

The ADA defines disability as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). The term "major life activities" is defined as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). The Supreme Court has held that these terms need to be interpreted strictly to create a demanding standard for qualifying as disabled. Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184, 197, 122 S.Ct. 681, 691, 151 L.Ed.2d 615 (2002).

The district court held that Fornes failed to establish this first prong of the prima facie case. Fornes argued that he was substantially limited in the major life activity of running. The district court held that running was not a major life

4

activity. We need not decide this issue, because even if running is a major life activity, Fornes fails to establish the second prong, that he is a "qualified individual."[1]

### C. Second Prong of the Prima Facie Case – "Qualified Individual"

For the second prong of a prima facie case, the ADA prohibits employment discrimination against a "qualified individual with a disability," defined as an "individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). If the individual "is unable to perform an essential function of his . . . job, even with an accommodation, he is, by definition, not a 'qualified individual' and, therefore, not covered under the ADA." Davis v. Fla. Power & Light Co., 205 F.3d 1301, 1305 (11th Cir. 2000). "In other words, the ADA does not require [the employer] to eliminate an essential function of [the plaintiff's] job." Id. (citation omitted).

"Whether a function is essential is evaluated on a case-by-case basis by examining a number of factors." Id., 205 F.3d at 1305. In making this determination, the statute provides, "consideration shall be given to the employer's

---

[1] In reviewing a district court's grant of summary judgment, we may affirm on any adequate ground, regardless of the ground the district court relied upon. See Parks v. City of Warner Robins, 43 F.3d 609, 613 (11th Cir. 1995).

5

judgment as to what functions of a job are essential, and if an employer has prepared a written description before advertising or interviewing applicants for the job, this description shall be considered evidence of the essential functions of the job." 42 U.S.C. § 12111(8); see also Holbrook v. City of Alpharetta, 112 F.3d 1522, 1526 (11th Cir. 1997). Factors to consider under the ADA include,

> (1) the amount of time spent on the job performing the function, (2) the consequences of not requiring the incumbent to perform the function, (3) the terms of the collective bargaining agreement, (4) the work experience of past incumbents in the job, and (5) the current work experience of incumbents in similar jobs.

Davis, 205 F.3d at 1305 (citing 29 C.F.R. § 1630.2(n)(3)).

Fornes and OCSO skirmish over whether this court should look to the job requirements of a deputy sheriff generally, or to those of a technical services sergeant, which was Fornes's particular assignment when he was terminated. Fornes, however, cannot establish that he is a "qualified individual" even if the essential functions of his job are limited to those of a technical service sergeant. Fornes contends that the essential functions of his job are limited to those of technical service sergeant as described in OCSO's job description. Fornes is correct that the job description used by OCSO should be given consideration in determining the essential functions of a position. See Holbrook, 112 F.3d at 1526. However, Fornes's focus on only part of the job description–the limited

6

importance of running–is misplaced. Regardless of the low import of running, there are essential functions in the job description he could not perform, namely, standing for a prolonged period and heavy lifting. In the official job description standing received an "extremely-important" ranking and heavy lifting received an "important" ranking. According to Dr. Littel's note, based on information that Fornes provided him, Fornes could not perform these activities. Dr. Littel's note stated that Fornes was restricted from running, standing for long periods, heavy lifting, and repetitive actions. Therefore, even assuming that Fornes need only perform the essential functions of a technical service sergeant, he still could not perform all of these functions.

In conclusion, looking at the record in the light most favorable to Fornes, we conclude that Fornes's inability to run, stand for prolonged periods, or lift heavy objects shows he was not a qualified individual with a disability. Accordingly, we affirm the district court's grant of summary judgment.

**AFFIRMED.**[2]

---

[2]Appellant's request for oral argument is DENIED.